Derbigny, J.
delivered the opinion of the court. We are called upon to revise, in this case, a judgment rendered by the tribunal of the Spanish Governor, in 1802. To shew that we have the necessary powers for that purpose, the present plaintiffs aver that they appealed from that judgment in due time, and that the appeal was pending, when the United States took possession of the country. The fact, as it appears on the face of the Spanish record, is that the appeal was claimed in the legal delay, and admitted with the restriction that it should not suspend the execution. Six months were allowed to the appellant to shew that he had prosecuted the appeal; in default whereof, he was warned that it should be declared deserted.
When the Spanish dominion ceased in this country, not only six months, but nearly one year, had elapsed from the date of the decree allowing the appeal, and during that period, it does not appear that the appellant took any step towards the prosecution of the appeal. *281 Certain it is, he did not attempt to shew he had taken any.
The Spanish government was succeeded by that of the United States, at the end of the year 1803, and in 1810 the present plaintiffs instituted the present suit, the object of which is to obtain the reversal of the judgment of the Spanish court. We must therefore ascertain whether the appeal from that judgment is still open, before we hear him on the merits.
Appeals according to the Spanish law, were to be prosecuted within forty days at furthest. It was incumbent on the appellant to present within that delay to the judge â quo the necessary certificate from the court of appeals. If owing to some legitimate, impediment, he was prevented from making that application in due time, it was his duty to shew it. If he did neither, the judgment of the inferior court acquired the authority of the thing judged. Recop. de Castil. lib. 5, tit. 18, l. 2.
In cases, however, where the appeal had stayed the execution, it was required, in practice, that some step should be taken, on the part of the appellee, to cause the execution to go on. On his application to that effect, the appellant was summoned to produce the proceeding had on the appeal, and if he failed to produce them, *282 the appeal was deemed deserted, and the execution went on. But, in cases in which the execution was not stopped by the appeal, it is obvious that no application on the part of the appellee was necessary, after the expiration of the delay, within which the appeal ought to have been prosecuted; for the appellee, who enjoyed the benefit of his judgment, had nothing further to ask. In such a case therefore the judgment of the inferior court, evidently acquired, by the operation of law, the authority of the thing judged; for, as the appellant, who had suffered the delay fixed by law to elapse, without making the necessary application, could no longer be heard, the suit was necessarily at an end.
There are indeed some Spanish authors, quoted in the Curia Philippica, part. 2, sect. 3, who are of opinion, that when application is made to a court of supreme jurisdiction, jueces supremos, in a case in which the appeal has not been prosecuted, within the time assigned to the appellant, such court ought nevertheless to take cognisance of the appeal, unless the time elapsed be very long. But, stretching this doctrine to the utmost extent, it will not reach a case like the present, where, after the expiration of the six months granted to the appellant, he suffered more than seven years, without mak *283 ing any application to be relieved against the judgment of which he now complains, and, when at last he comes forward with his appeal, he does not even attempt to shew, as the law required, that he was prevented by some legitimate impediment to prosecute it sooner.
We are, therefore, of opinion that the suit could not be reversed: but, although we think that the district judge did err, when he considered the appeal as open and enquired into the merits of the case ; yet as the result of his enquiry was a judgment for the defendant, his judgment must be affirmed.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.